Filed 12/2/13  In re David B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DAVID B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D063755 |
| Plaintiff and Respondent, | (Super. Ct. No. J225079) |
| v. | |
| DAVID B., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Carolyn M. Caietti, Judge.  Affirmed.

Jill M. Kent, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

In this case, David B. (the Minor) was on probation in the juvenile court for

robbery (Pen. Code, § 211).  His probation terms included placement in the San Diego

County Probation Youthful Offender program (Y.O.U.) for a period not to exceed 480 days.

In February 2013, the Minor was detained for alleged probation violations. Later the Minor admitted three of the probation violations, following a full advisement of his rights to a probation violation hearing. The court again placed the Minor on probation subject to 90 to 120 days in the Y.O.U. program.

The Minor filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues. We offered the Minor the opportunity to file his own brief on appeal. The Minor has not responded.

## STATEMENT OF FACTS

The statement of facts in the appellant's brief is accurate and precise. We include it here.

Violation 2 (school attendance): Probation reported the Minor was not present at Metro United Methodist Urban Program on September 26, 2012, and that his teacher reported he was doing just enough work to stay enrolled. Two months later, on November 21, 2012, probation again visited Metro for a scheduled appointment with the Minor, who was not present. On December 5, 2012, the school dropped the Minor for not completing any work.

Violation 3 (controlled substances): Probation reported the Minor tested positive for marijuana on September 12, 2012, and was directed to enroll in an outpatient

2

substance abuse program. The Minor again tested positive for marijuana on October 1, 2012. During a check on the Minor's residence on November 17, 2012, officers reported finding a small tin containing marijuana residual in his bedroom. The Minor stated at that time he had not enrolled in drug treatment as previously directed and was unable to provide a sample for drug testing. Probation ordered him to appear on November 19, 2012, but the Minor did not show up. Probation set another appointment for November 21, 2012 at Metro, but again the Minor failed to appear.

Violation 5 (meetings with probation): Probation reported the Minor failed to appear at scheduled meetings on November 19, 2012, and November 21, 2012, and ceased contact with probation thereafter. On January 18, 2013, a juvenile detention order issued for the Minor. The following month, on February 21, 2013, probation assisted the police department in a warrant sweep, visiting the Minor's home. The Minor's father responded several minutes after the police knocked on the door. The father told the officers that the Minor was around the house somewhere but provided no further information. Officers eventually located a crawl space to an attic and ordered the Minor to come out or they would send in a canine. The Minor came out of the attic and was taken into custody.

## DISCUSSION

As previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1. Was the Minor adequately advised of his rights with regard to the waiver of a probation violation hearing?

2. Did the Minor knowingly and voluntarily waive his rights when he admitted the probation violations?

3. Did the court abuse its discretion in ordering that the Minor be removed from his home?

4. Did the court abuse its discretion in denying the Minor's request that the commitment to the Y.O.U. program not exceed 30 to 60 days?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any reasonably arguable appellate issues.  Competent counsel has represented the Minor on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.

4